USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 4, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                          :
JUAN MIGUEL HERNANDEZ,              :
                                          :
              Petitioner,            :
                                          :    10 Cr. 149, 12 Civ. 8741 (PAC)
       - against -                    :
                                          :    <u>OPINION & ORDER</u>
THE UNITED STATES OF AMERICA,   :
                                          :
              Respondent.        :
                                          :
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

      Petitioner-Defendant Juan Miguel Hernandez ("Hernandez") petitions, *pro se*, under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, claiming ineffective assistance of counsel. On September 27, 2010, Hernandez pled guilty pursuant to a written plea agreement. The plea agreement stated that "defendant [would] not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 . . . any sentence within or below the Stipulated Guidelines Range" of 168 to 210 months' imprisonment. He was sentenced to a term of 156 months. Notwithstanding his promise not to collaterally attack his sentence, Hernandez now claims that counsel failed to advise him of, and to object to, the following three issues in the plea agreement: (1) inclusion of a two-level dangerous weapon increase to the offense level; (2) failure to identify the relevant conduct used to determine the offense level; and (3) use of the total quantity of drugs involved to determine the offense level. Hernandez's petition is DENIED.

## **<u>BACKGROUND</u>**

      On January 15, 2010, Drug Enforcement Administration ("DEA") agents arrested Hernandez in his home and seized a loaded firearm, $89,400 in cash, and an assortment of drugs,

1

including 1,191 10mg pills of Oxycodone, 464 vials of 1000mg of Ketamine, 420 Xanax pills, and 839 ecstacy pills.  Presentence Investigation Report ("PSR") ¶¶ 23, 26-27.  The DEA agents also seized one kilogram of cocaine from Hernandez's mother's home, *id.* ¶ 29, and a loaded gun from Hernandez's locker at Crunch Gym, *id.* ¶ 22.  On February 24, 2010, Hernandez was charged in a six-count indictment with possession with intent to distribute controlled substances and possessing a firearm in furtherance of a narcotics violation.  *See* 10 Cr. 149, Dkt. No. 7.

Hernandez pled guilty to Count Two of the Indictment (possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B)) pursuant to a plea agreement.  *See* Letter from Ortiz to Talkin (September 27, 2010).  The plea agreement calculated the offense level at 33 and the criminal history level at III, resulting in a Guidelines sentencing range of 168 to 210 months' imprisonment.  *Id.* at 5.  Hernandez agreed that a sentence within the range was reasonable in light of all the 18 U.S.C. § 3553(a) factors.  *Id*.  In addition, Hernandez agreed that he would "not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range."  *Id.* at 6.  Before his plea was accepted, Hernandez was placed under oath and testified that he reviewed the indictment with his attorney, understood the charges, appreciated the consequences of a guilty plea, and was satisfied with his attorney's counsel, advice, and representation.  September 27, 2010 Plea Tr. at 4:15-5:5.  Further, Hernandez said he had signed the plea agreement, discussed it with counsel, and understood its parameters.  *Id.* at 9:4-11:23.  The Court specifically addressed the waiver of appeal and collateral attack provision.  *Id.* at 10:19-23.  Hernandez testified he understood that he could be sentenced at or below the guideline range, *id.* at 10:3-18, and if he was sentenced within the

range, he "will have given up [his] right . . . to litigate in a collateral proceeding the length of his sentence." *Id.* at 10:19-23. Hernandez also admitted as follows:

> In about early January 2010 I knowingly possessed and intended to sell cocaine powder in excess of 500 grams, knowing it was illegal and wrong. I also want to take this moment to apologize for my actions before this Court and to my family members and friends present for appearing here under these circumstances. I am accepting culpability for it. I also possessed it in New York City, in Manhattan.

*Id.* at 13:17-24. The Court accepted his guilty plea.

On January 6, 2011, the Court recognized Hernandez's partial cooperation and imposed a below the guidelines sentence of 156 months' imprisonment and eight years of supervised release, ordered forfeiture of $89,400, and imposed a $100 special assessment fine. January 6, 2011 Sentencing Tr. at 16:5-8, 17:20-21. The Court dismissed all remaining counts. *Id.* at 18:3-5.

## DISCUSSION

### I. Validity of the Plea Agreement and Waiver

Waivers of the right to appeal or collaterally attack one's sentence are generally enforceable. *See, e.g.*, *Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001). There are limited exceptions:

> when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence . . . .

*United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (citations omitted). A defendant's waiver is knowing and voluntary where the defendant "fully understood the consequences of the waiver," and his decision was not "the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer

3

inability to weigh his options rationally." *Lindsey v. United States*, No. 04 Civ. 7985 (KMW), 2007 WL 4562927, at *2 (S.D.N.Y. Dec. 26, 2007) (citing *United States v. Rogue*, 421 F.3d 118, 122 (2d Cir. 2005)). Where the record reveals that the waiver was knowing and voluntary, and if there is no merit to the ineffective assistance claim, the waiver should be enforced. *See United States v. Monzon*, 359 F.3d 110, 115, 119 (2d Cir. 2004).

Hernandez's sworn testimony during the plea allocution demonstrates that he understood the waiver provision. Hernandez stated that he reviewed the indictment's charges, appreciated the consequences of a plea of guilty and was satisfied with his attorney's counsel, advice, and representation. September 27, 2010 Plea Tr. at 4:15-5:5. According to Hernandez's testimony, he knew he was "giving up valuable rights" and specifically acknowledged that he was giving up all the rights indicated in Federal Rule of Criminal Procedure 11(b)(1)(A)-(N). *Id.* at 5:6-9:3. Further, Hernandez testified he had signed the plea agreement, discussed it with counsel, and understood its parameters. *Id.* at 9:4-11:23. He also testified that the plea was not the product of threats or promises to induce him to sign it. *Id.* at 9:8-10. When asked whether he understood that he was giving up his right "to take a direct appeal and to litigate in a collateral proceeding," Hernandez responded, "Yes." *Id.* at 10:19-23. This Court may rely on these sworn statements, *see United States v. Hernandez*, 242 F.3d 110, 112-13 (2d Cir. 2011), and therefore determines that Hernandez's waiver is knowing and voluntary. The instant petition is barred.

## II. Ineffective Assistance of Counsel Claims

To overcome a valid waiver, Hernandez must show that he received ineffective assistance of counsel "*in connection with* the negotiation and execution of the plea agreement containing the waiver." *Lindsey*, 2007 WL 4562927, at *2. Ineffective assistance of counsel requires a demonstration "(1) that counsel made errors so serious that defendant was deprived of

4

reasonably competent representation and (2) that counsel's deficient performance prejudiced the defense." *Hernandez v. United States*, 202 F.3d 486, 488 (2d Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)).  In assessing the first factor, a court must adopt the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  As to the second factor, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different." *Id.* at 694.  Only if both of these elements are satisfied can Hernandez demonstrate that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

### A. Two-Level Dangerous Weapon Enhancement

Hernandez asserts ineffective assistance of counsel for failure to advise Hernandez of the two-level sentencing enhancement for possession of a dangerous weapon.  Petitioner's Motion to Vacate, Set Aside, or Correct Sentence ("Pet.'s Mot.") at 3.  This assertion must be rejected.  First, it is specifically stated in the plea agreement at paragraph 13:  "the base offense level is increased by 2 levels because a dangerous weapon, specifically a firearm, was possessed in connection with the offense."  Letter from Ortiz to Talkin (September 27, 2010) at 3.  Hernandez testified he had discussed this agreement with counsel and understood its terms.  September 27, 2010 Plea Tr. at 9:4-11:23.  Next, when the Assistant United States Attorney stated what the government would prove with respect to Count Two, she said that "firearms [were] seized from the defendant's home." *Id*. at 12:24-13:3.  The Court asked why firearms were mentioned. *Id.* at 13:4-5.  The Assistant responded:  "Your Honor, it is part of the offense" and that "the plea agreement does provide that the offense involved the use of a firearm and, because of that, the defendant's base offense level was increased by 2 points." *Id.* at 13:6-10.  There is no doubt that

5

Hernandez was aware of the enhancement. He testified he read the agreement, and it was discussed in open court in this proceeding. He cannot have suffered any prejudice.

Even if Hernandez was advised of the enhancement, he maintains that his counsel should have objected to the two-level enhancement. Pet.'s Mot. at 3. Unfortunately for Hernandez, this objection is directed at an enhancement that is entirely proper under the sentencing guidelines. A two-level enhancement is appropriate if "the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *See* U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) cmt. n.3 (2010). There was a loaded gun in Hernandez's home, along with the drugs and cash. P.S.R. ¶ 27. Another loaded handgun was found in Hernandez's gym locker at Crunch Gym, where Hernandez sold drugs to a confidential witness. *Id.* ¶¶ 19-22. When a weapon is kept in the same location as the drugs seized, courts may infer that the weapon was connected with the offense under U.S.S.G. § 2D1.1(b)(1). *See United States v. Sweet*, 25 F.3d 160, 163 (2d Cir. 1994). At sentencing, Hernandez's counsel attempted to explain that Hernandez had these guns because he was "in fear" and "[t]here had been threats" related to his drug dealing. January 6, 2011 Sentencing Tr. at 7:2-16. Quite to the contrary of Hernandez's accounts, counsel was not ineffective for not objecting to an appropriate sentencing enhancement; rather counsel was quite creative in his argument.

### B. Identification of the Relevant Conduct

Second, Hernandez argues that his counsel should have objected to the plea agreement because the government failed to identify Hernandez's "relevant conduct" under U.S.S.G. § 1B1.3. This is nonsense. At the plea, the Assistant U.S. Attorney described the "elements of the offense charged in Count Two" and stated its proof "would . . . establish these elements beyond a reasonable doubt." *See* September 27, 2010 Plea Tr. at 12:8-13:10. After hearing the

Government's offer of proof, Hernandez testified that he "knowing[ly] possess[ed] and inten[ed] to sell cocaine powder in excess of 500 grams" and acknowledged that it was "illegal and wrong." *Id.* at 13:17-24. The relevant conduct was described in accordance with the guidelines and therefore counsel made no error.

### C. Use of the Total Quantity of Drugs

Finally, Hernandez argues that the plea agreement did not disclose that the total quantity of drugs would be used to determine the offense level, and mistakenly cites to U.S.S.G. § 3D1.2 in support. Pet.'s Mot. at 3-4. Under § 2D1.1, the applicable section, a sentence is calculated based on the combined differing controlled substances to obtain a single offense level. *See* U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.10(B); *see also id.* § 1B1.3 cmt. n.3 (discussing the meaning of "relevant conduct" and stating that, if a defendant engaged in multiple drug sales as part of the same scheme or course of conduct, "the total quantity of [drugs] involved . . . is to be used to determine the offense level even if the defendant is convicted of a single count charging only one of the sales"). The plea agreement listed each drug and that drug's conversion to its marijuana equivalent. *See* Letter from Ortiz to Talkin (September 27, 2010) at 2-3. Hernandez testified at his plea hearing that he discussed this calculation with counsel and understood it. September 27, 2010 Plea Tr. at 9:4-11:23. Hernandez was a mobile drug store. There is no factual basis for his claim of ineffective assistance of counsel.

### CONCLUSION

For the reasons above, Hernandez's Section 2255 petition for relief is DENIED. Since Hernandez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v.*

*United States*, 369 U.S. 438 (1962). The Clerk of Court is directed to enter judgment and terminate this case.

Dated: New York, New York
      November 4, 2013

SO ORDERED

*[signature]*
PAUL A. CROTTY
United States District Judge

Copy Mailed To:
Juan Miguel Hernandez
FCI Otisville
Federal Correctional Institution
P.O. Box. 1000
Otisville, NY 10963